E-FILED
Wednesday, 10 December, 2014  09:24:14 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DANELLE PERSON,<br>　　　Plaintiff,<br><br>v.<br><br>HEARTLAND EMPLOYMENT<br>SERVICES, LLC,<br>　　　Defendant. | Case No. 1:14-cv-01297-SLD-JEH |

## Order

Now before the Court is the Plaintiff's Motion to Strike Affirmative Defenses (Doc. 19).  The Defendant filed its Response (Doc. 22), and for the reasons set forth below, the Plaintiff's Motion to Strike is DENIED.

### I

On July 25, 2014, the Defendant[1] removed this case to federal court from the Ninth Judicial Circuit, Knox County, Illinois.  On October 2, 2014, a Rule 16 Scheduling Conference was held and the Court set discovery to close on May 25, 2015 and dispositive motions to be filed by June 25, 2015.  The Plaintiff filed his Amended Complaint on October 17, 2014, the Defendant filed its Answer and Affirmative Defenses on November 12, 2014, and then the Plaintiff filed his Motion to Strike on November 17, 2014.  In its Answer and Affirmative Defenses, the Defendant set forth eight Affirmative Defenses.  The Plaintiff seeks to strike all eight Affirmative Defenses on the basis that the *Twombly-Iqbal* standard

---

[1] The Plaintiff originally named Heartland of Galesburg IL, LLC d/b/a Heartland Health Care Center – Galesburg as defendant.  On August 1, 2014, that Defendant filed a Motion to Dismiss Improper Party & Substitute Proper Party, requesting its dismissal and the substitution of Heartland Employment Services, LLC in this case.  That Motion was rendered moot upon the Plaintiff filing his Amended Complaint naming Heartland Employment Services, LLC.

1

should apply to affirmative defenses and under that standard, here, the defenses fail because there has been no showing of plausibility.

## II

Motions to strike affirmative defenses are not favored. *Williams v Jader Fuel Company*, 944 F2d 1388, 1400 (7th Cir 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases); *Heller Financial, Inc. v Midwhey Powder Company*, 883 F2d 1286, 1294 (7th Cir 1989) (explaining that motions to strike are disfavored because they potentially serve only to delay). Moreover, courts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion. *Hofmann v Sumner*, 478 F Supp 2d 1024, 1028 (ND Ill 2007); *Rivertree Landing LLC v Murphy*, 246 FRD 667, 667 (ND Ill 2007).

Here, the Plaintiff filed his Motion to Strike less than two months after discovery commenced and just five days after the Defendant filed its Answer and Affirmative Defenses. More than five months remain before discovery closes in this case. The case's progression through discovery may make the dispute over the Affirmative Defenses entirely moot. Moreover, as for this case's progression, the Plaintiff does not identify how it is prejudiced by the inclusion of the Defendants' Affirmative Defenses at this stage. Without any indication of prejudice to the Plaintiff and no certainty that the Plaintiff will succeed despite any state of facts which can be proved in support of the Defendant's Affirmative Defenses and are inferable from the pleadings, the Plaintiff is not entitled to his requested relief.

## III

For the reasons set forth above, the Plaintiff's Motion to Strike Affirmative Defenses (Doc. 19) is DENIED.

Entered on December 10, 2014.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE